# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

CRYSTAL CRAMPTON and
RICHARD CRAMPTON,                         *

Plaintiffs,                               *

v.                                        *          Civil Action No. PWG-20-0728

MARYANN ALLEN and
MARION SMITH,                             *

Defendants.                               *
                                        ***

## MEMORANDUM OPINION AND ORDER

Plaintiffs Crystal Crampton and Richard Crampton filed the above-captioned Complaint together with  Motions for Leave to Proceed in Forma Pauperis.  ECF Nos. 1-3.  Because Plaintiffs appear indigent, the Motions shall be granted.  For reasons stated below, however, the Complaint shall be dismissed.

Crystal Crampton and Richard Crampton filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  When considering whether a claim is frivolous, § 1915(e)(2) grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke*, 490 U.S. at 327).

The Court now reviews the Complaint (ECF No. 1).   The Cramptons allege in the Complaint that Defendants Allen and Smith have violated their "14th Amendment Due Process Clause and Liberty Interest of Natural Christian Parents."   *Id. at 4*.   In support of this claim, Cramptons state that Allen and Smith "willingly or unwillingly" assisted the Montgomery County Department of Health and Human Services in impairing "fundamental liberty interests in the care, custody and control" of their children.   *Id.*   No facts are provided in support of this conclusion.

The Complaint identifies Allen as the mother of Crystal Crampton, and Smith as Allen's boyfriend.   *Id. at 2*.   The Court notes that the Cramptons filed four other actions in this Court pertaining to the custody of their children, PWG-20-0424, PWG-20-0425, PWG-20-0498 and PWG-20-0499.   Documents filed therein indicate that Allen and Smith have been awarded custody of the Cramptons' children by Order of the Circuit Court, Montgomery County, Maryland.   *See, e.g.,* PWG-20-0424, ECF No. 1-6.   The present action contains no allegations as to how Allen or Smith have "willingly or unwillingly" assisted the Montgomery County Department of Health and Human Services in violating the Cramptons' constitutional rights. Allen and Smith are the only Defendants named in this action.

This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In evaluating such a Complaint, the factual allegations are assumed to be true.   *Id.* at 93 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).   Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.   *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The Cramptons bring this § 1983 claim against two private individuals, Allen and Smith. Essential to sustaining an action under §1983 are the presence of two elements.  Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of law requirement excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) *quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted).

In regard to the first element, no facts were alleged as to how the Cramptons' constitutional rights were deprived.  The Cramptons simply state Defendants "willingly or unwillingly" assisted the Montgomery County Department of Health and Human Services in "attempts to impair . . . fundamental liberty interests in the care, custody and control" of their children.  ECF No. 1 at 4.  This is a conclusory statement that sheds no light on any alleged acts by Allen or Smith.

In regard to the second element, that Allen and  Smith acted under color of law, the Cramptons also fail to provide any facts to support a claim that Allen and Smith, private individuals, are state actors.   Hence, this claim fails.

In the event that the Cramptons are attempting to allege that Allen and Smith conspired with state actors to violate their rights they again fail to allege the basic requirements of such a claim.   To establish civil conspiracy under § 1983, plaintiff must present evidence that defendants acted jointly in concert with state actors and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right.  *See Hinkle*

*v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). An essential element for a claim of conspiracy to deprive plaintiff of a constitutional right is an agreement to do so among the alleged co-conspirators. *See Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir. 1987). Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh Volkswagen v. First Nat'l Bank*, 639 F.2d 1073, 1075–76 (4th Cir. 1981). Plaintiff must allege facts establishing that defendants shared a "unity of purpose or a common design" to injure him. *Am. Tobacco Co. v. United St*ates, 328 U.S. 781, 809-10 (1946). "A conspiracy may . . . be 'inferred from the things actually done.'" *Murdaugh*, 639 F.2d at 1075 (quoting *Overseas Motors, Inc. v. Imported Motors Ltd., Inc.*, 375 F. Supp 499, 532 (E.D. Mich. 1974)). Additionally, even circumstantial evidence consisting of "coincidence piled on coincidence" is insufficient where the "proof of collusion is simply too attenuated" to conclude there was a conspiracy to violate the law. *Murdaugh*, 639 F.2d at 1075.

The Cramptons do not allege that Allen or Smith affirmatively conspired with state actors to deprive them of their constitutional rights. In fact, the Cramptons' allegations that Allen and Smith acted either "willingly or unwillingly" indicate a lack of facts to support a claim that they took affirmative action with state actors to deprive the Cramptons of their rights. At best there is speculation of an occurrence without facts to support the conjuncture. It would be futile to provide the Cramptons an opportunity to amend their complaint.

The Cramptons have not stated a claim for relief and the Court dismisses this action as frivolous. Accordingly, the Motions to Proceed in Forma Pauperis will be granted and the Complaint will be dismissed without prejudice.

**<u>ORDER</u>**

For the reasons stated in the foregoing Memorandum Opinion, it is this 23rd day of June, 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motions to Proceed in Forma Pauperis, ECF No. 2-3, are GRANTED;

2. The Complaint (ECF No. 1) is DISMISSED without prejudice;

3. The Clerk IS DIRECTED to MAIL a copy of the foregoing Memorandum Opinion and a copy of this Order to Crystal Crampton and Richard Crampton; and

4. The Clerk is FURTHER DIRECTED to CLOSE this case.


＿＿＿/S/＿＿＿＿＿＿＿＿＿＿
Paul W. Grimm
United States District Judge